IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIKE PRITCHETT, #314388, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-CV-47-MHT |
| ) | |
| WILLIAM H. FILMORE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. §1983 action is pending before the court on a complaint filed by Mike Pritchett, an indigent state inmate currently serving a three year sentence for trafficking in marijuana imposed upon him on June 7, 2018 by the Circuit Court of Dale County, Alabama.[1] In his complaint, Pritchett challenges the constitutionality of a search of his home and property and his attendant arrest on July 14, 2015. Doc. 1 at 4. Pritchett also attacks the constitutionality of the criminal proceedings related to his 2018 trafficking conviction. Doc. 1 at 4.[2] Finally, Pritchett seeks relief under 18 U.S.C. §§ 241 and 242

---

[1]The Clerk stamped the complaint "received" on January 14, 2019. Pritchett, however, executed the complaint on January 7, 2019. Doc. 1 at 5. Thus, this is the earliest date he could have placed the complaint in the prison mail system. A pro se inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States,* 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). The court therefore considers January 7, 2019 as the date of filing.

[2]The entries on the case action summary sheet for Pritchett's trafficking conviction maintained by the Alabama Trial Court System, hosted at www.alacourt.com, establish that Pritchett was convicted of trafficking in marijuana on May 8, 2018 and sentenced for this offense on June 7, 2018. These entries likewise establish that Pritchett was 52 years of age at the time of his arrest. As permitted by applicable

for an alleged conspiracy among the defendants. Doc. 1 at 2–4. Pritchett names William H. Filmore, the judge who presided over his state criminal proceedings; Thomas Kirke Adams, the District Attorney for Dale County; Lee Franklin Knowles and David J. Harrison, his court-appointed attorneys; Anthony Phillips, Scotty Ballard and Mark Anderson, law enforcement officials involved in the investigation of his case; the City of Enterprise, Alabama as it oversees the Enterprise Police Department and Dale County, Alabama due to its employment of Judge Filmore and District Attorney Adams. Pritchett seeks a declaratory judgment and monetary damages for the alleged violations of his constitutional rights. Doc. 1 at 5.

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## II. DISCUSSION

### A. Claim for Relief Under 18 U.S.C. §§ 241 and 242

To the extent Pritchett seeks relief for alleged criminal actions purportedly committed by the defendants in violation of his constitutional rights as prohibited by 18

---

law, the court takes judicial notice of this case action summary. *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

[3] This court granted Pritchett leave to proceed *in forma pauperis* in this cause of action. Doc. 3. Regardless of the requirement that Pritchett pay an initial partial filing fee, the court remains obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

U.S.C. §§ 241 and 242, Doc. 1 at 2–4, he is entitled to no relief. "Title 18 U.S.C. § 241 is a statute that criminalizes conspiracies against a person's rights under the Constitution or laws of the United States. There is no private right of action under this criminal statute. Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action." *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997) (internal citations omitted); *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003) (finding that the plaintiff is foreclosed "from asserting claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action. . . . Therefore, the Court must dismiss the plaintiff's claims that have been brought pursuant to 18 U.S.C. §§ 242 and 371."). In light of the foregoing, it is clear that Pritchett is precluded from obtaining relief under 18 U.S.C. §§ 241 and 242 "because, as criminal statutes, they do not convey a private right of action" nor do they authorize an individual to initiate criminal proceedings. *Gipson*, 18 F.Supp.2d at 668; *Rockefeller*, 248 F.Supp.2d at 23.

### B. Search and Arrest

Pritchett challenges the constitutionality of a search and his resulting arrest which occurred on July 14, 2015. Specifically, Pritchett alleges law enforcement officials searched his property and arrested him without a warrant or probable cause. Doc. 1 at 4. Any claims related to the search and Pritchett's arrest on July 14, 2015 are barred by the

statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The search and arrest about which Pritchett complains occurred on July 14, 2015. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Pritchett from application of the time bar.[4] The statute of limitations applicable to Pritchett's illegal search and arrest claims therefore began to run on July 15, 2015.[5] The limitations period ran uninterrupted until its expiration on July 17, 2017.[6] Pritchett filed

---

[4] The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a). Although Pritchett questions his competency to stand trial, the complaint and state court records demonstrate that Pritchett had not been deemed legally insane at the time his search and arrest claims accrued. These records also establish that Pritchett was not under the age of 19 at the time these claims accrued.

[5] In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed.R.Civ.P.

[6] Since expiration of the limitations period for the illegal search and arrest claims fell on July 15, 2017, a Saturday, the one-year period of limitations expired the following Monday, July 17, 2017. Rule 6(a)(1)(C), Fed.R.Civ.P. ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

the instant complaint on January 7, 2019.  Thus, the filing of this civil action occurred well after expiration of the applicable period of limitations.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense.  The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (citing *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1330, 1332 (D.C. Oregon 1983).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint and relevant state court records, Pritchett has no legal basis on which to proceed with respect to the claims challenging the search and arrest on July 14, 2015. As previously determined, the statutory tolling provision is unavailing. Consequently, the governing two-year period of limitations expired over a year prior to Pritchett filing the instant complaint. Therefore, the court concludes that the claims challenging the search of Pritchett's property and his ensuing arrest are barred by the applicable statute of limitations and are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### C. Claims Related to Trial Proceedings

Pritchett alleges that Judge William H. Filmore, District Attorney Thomas Kirke Adams and his court-appointed attorneys, Lee Franklin Knowles and David J. Harrison, violated his constitutional rights during the criminal proceedings which resulted in his conviction for trafficking in marijuana on May 8, 2018. Doc. 1 at 4. Specifically, Pritchett complains that these defendants deprived him of due process and equal protection and subjected him to cruel and unusual punishment by allowing him to go to trial without a mental competency examination when he allegedly did not understand the proceedings and could not participate in the legal process. Doc. 1 at 4.

**1. Judge William H. Filmore.** "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991)

(internal citation omitted). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by Pritchett against Judge Filmore emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. Judge Filmore is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action

taken was erroneous, malicious or without authority). Consequently, Pritchett's claims against Judge Filmore are "based on an indisputably meritless legal theory" and are therefore subject to dismissal pursuant to provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

    **2.** **<u>District Attorney Thomas Kirke Adams</u>**. The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor "for their conduct in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal

process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Pritchett seeks relief from the District Attorney for his actions during Pritchett's trafficking trial. These actions occurred while Adams was performing activities intimately associated with the judicial phase of the criminal process, conduct for which he is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Pritchett's claims against District Attorney Adams are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). In addition, Pritchett is entitled to no declaratory relief against defendant Adams for any alleged adverse action related to the conviction and sentence imposed upon him by the Circuit Court of Dale County, Alabama. *See infra.*

**3. Attorneys Lee Franklin Knowles and David J. Harrison**. Pritchett challenges the representation provided to him by court-appointed attorneys Lee Franklin Knowles and David J. Harrison during the trial proceedings related to his 2018 conviction for trafficking in marijuana. In accordance with applicable federal law, Pritchett is entitled to no relief on these claims under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law

> element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an individual in state criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the representation by counsel about which Pritchett complains was not committed by persons acting under color of state law, the § 1983 claims presented against defendants Knowles and Harrison lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D. Plaintiff's Conviction and Sentence

The claims presented in the complaint go to the fundamental legality of Pritchett's trafficking conviction and the resulting sentence on which he is now incarcerated. In accordance with well-established law, Pritchett is entitled to no relief on these claims.

*Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a prisoner challenging the constitutionality of

incarceration on a sentence of a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting that *Heck* directs that a state inmate "making a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

Thus, *Heck* and its progeny bar Pritchett's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his conviction and sentence. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Pritchett which go to the fundamental legality of his conviction and sentence for trafficking in marijuana are not cognizable in this cause of action as they provide no basis for relief at this time and, thus, are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against William H. Filmore, Thomas Kirke Adams, Lee F. Knowles and David J. Harrison seeking relief for actions which occurred during state criminal proceedings before the Circuit Court of Dale County, Alabama be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. The plaintiff's claims which go to the fundamental legality of his trafficking in marijuana conviction and the resulting sentence imposed upon him by the Circuit Court of

Dale County, Alabama be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are provide no basis for relief at this time.

3. This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

The plaintiff may file objections to the instant Recommendation on or before **February 14, 2019**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation. The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 31st day of January, 2019.

                            /s/Charles S. Coody
                            CHARLES S. COODY
                            UNITED STATES MAGISTRATE JUDGE